**UNITED STATES DISTRICT COURT**
**EASTERN DISTRICT OF NEW YORK**

-----------------------------------------------------------x

SALVATORE MAZZIO
MICHAEL MAZZIO, and
MIKE'S HEAVY DUTY TOWING INC.

Plaintiffs,

- against -

THE CITY OF NEW YORK,
NEW YORK CITY POLICE DEPARTMENT,
DETECTIVE STEPHEN TESORIERO,
DETECTIVE JAIME GARCIA, AND
POLICE OFFICER GARY MINUTOLO,

Defendants.

-----------------------------------------------------------x

Docket No: 21CV___1660___

# COMPLAINT

# Jury Trial Demanded

Plaintiff SALVATORE MAZZIO, Plaintiff MICHAEL MAZZIO, and Plaintiff MIKE'S HEAVY DUTY TOWING INC. by their undersigned attorneys, alleges as follows against Defendants. These allegations are made on information and belief, and pursuant to the investigation by Plaintiffs' counsel.

## NATURE OF THE CASE

1.      Plaintiffs demand a jury trial.

2.      This is a civil rights action in which the Plaintiffs seek relief for the defendants' violation of their rights secured by the Civil Rights Act of 1871, 42 U.S.C. Section 1983, by the United States Constitution, including its Fourth and Fourteenth Amendments, Equal Protection and Due Process Clauses of the Fourteenth Amendment of the United States Constitution and by the laws and Constitution of the State of New York.

3. Plaintiffs seek damages, both compensatory and punitive, affirmative and equitable relief, an award of costs and attorneys' fees, and such other and further relief as this court deems equitable and just.

4. Within ninety days of the events giving rise to these claims which occurred on January 13, 2020 when the criminal charges against Plaintiffs were dismissed by the Queens County District Attorney's Office, Plaintiffs filed a Notice of Claim with the New York City Office of the Comptroller. Over thirty days have elapsed since the filing of the Notice, and this matter has not been settled or otherwise disposed of.

## VENUE

5. Venue is proper for the United States District Court for the Eastern District of New York pursuant to 28 U.S.C. 1391(b)(2).

## PARTIES

6. Plaintiff Salvatore Mazzio is an individual residing in Howard Beach, County of Queens, City and State of New York.

7. Plaintiff Michael Mazzio is an individual residing in Howard Beach, County of Queens, City and State of New York.

8. Plaintiff Mike's Heavy Duty Towing Inc. is a corporation, organized and existing under the laws of the State of New York with its principal place of business located within the Eastern District of New York.

9. Defendant THE CITY OF NEW YORK is and was at all times relevant herein a municipal entity created and authorized under the laws of the State of New York. It is authorized by law to maintain a police department, which acts as its agent in the area of law enforcement and for which it is ultimately responsible as its employer. Defendant THE CITY

OF NEW YORK assumes the risks incidental to the maintenance of a police force and the employment of police officers as said risk attaches to the public consumers of the services provided by the New York City Police Department.

10.     Defendant NEW YORK CITY POLICE DEPARTMENT acts as its agent in the area of law enforcement in the City of New York and was responsible for arresting Plaintiffs.

11.     Defendant Detective Stephen Tesoriero, Defendant Detective Jaime Garcia and Defendant Police Officer Gary Minutolo, are and were at all times relevant herein duly appointed and acting law enforcement officers, servants, employees and agents of THE CITY OF NEW YORK and/or the New York City Police Department, a municipal agency of the defendant THE CITY OF NEW YORK. The aforementioned defendants are and were at all times relevant herein acting under color of state law in the course and scope of their duties and functions as officers, agents, servants, and employees of defendant THE CITY OF NEW YORK, were acting for, and on behalf of, and with the power and authority vested in them by THE CITY OF NEW YORK and the New York City Police Department, and were otherwise performing and engaging in conduct incidental to the performance of their lawful functions in the course of their duties.

## **JURISDICTION**

12.     This action is brought pursuant to the Constitution of the United States, including its Fourth and Fourteenth Amendments, and pursuant to 42 U.S.C. § 1983 and 28 U.S.C. §§ 1331 and 1343(a)(3) and (4), this being an action seeking redress for the violation of the Plaintiffs' constitutional and civil rights.

13.     Plaintiffs further invoke this court's supplemental jurisdiction, pursuant to 28 U.S.C. § 1367, over any and all state law claims and as against all parties that are so related to claims in this action within the original jurisdiction of this court that they form part of the same case or controversy.

14.     There was an initiation and continuation of a criminal proceeding against Plaintiff Michael Mazzio and Plaintiff Salvatore Mazzio as a result of the conduct of the Defendants.

15.     The criminal proceeding against Plaintiff Michael Mazzio and Plaintiff Salvatore Mazzio terminated in favor of Plaintiff Michael Mazzio and Plaintiff Salvatore Mazzio.

16.     There was a lack of probable cause for commencing the criminal proceeding against Plaintiff Michael Mazzio and Plaintiff Salvatore Mazzio.

17.     Defendants failed to investigate and knowingly failed to disclose facts available to Defendants in order to cause the arrests of Plaintiff Michael Mazzio and Plaintiff Salvatore Mazzio.

18.     Defendants acted with malice as a motivation for the Defendants' actions in causing the arrests of Plaintiff Michael Mazzio and Plaintiff Salvatore Mazzio.

19.     On July 11, 2019, Plaintiff Michael Mazzio and Plaintiff Salvatore Mazzio were arrested by the Defendant New York City Police Department ("Defendant NYPD"), without probable cause.

20.     On January 13, 2020, all charges against Plaintiff Michael Mazzio and Plaintiff Salvatore Mazzio were dismissed by the Queens County District Attorney, because there was no crime committed by Plaintiff Michael Mazzio and Plaintiff Salvatore Mazzio.

21.     Plaintiff Salvatore Mazzio is the President of Apple Towing Co., Inc., a towing company located in Brooklyn, New York, and existing since February 9, 1998 approximatley twenty three (23) years ago, and is licensed by the New York City Department of Consumer Affairs (now known as the New York City Department of Consumer and Worker Protection).

22.     Plaintiff Michael Mazzio is an employee of Mike's Heavy Duty Towing Inc., a towing company located in Brooklyn, New York, and existing since March 22, 1996, approximatley twenty five (25) years ago, and is licensed by the New York City Department of Consumer Affairs (now known as the New York City Department of Consumer and Worker Protection).

23.     By the conduct of the defendants, Plaintiff Mike's Heavy Duty Towing Inc. has been damaged in their business relationships with third parties.

24.     At all relevant times as set forth in this complaint, Plaintiff Salvatore Mazzio was an agent of Mike's Heavy Duty Towing, Inc.

25.     At all relevant times as set forth in this complaint, Plaintiff Michael Mazzio was an agent of Mike's Heavy Duty Towing, Inc.

26.     Between June 10, 2019 and the present date, Mike's Heavy Duty Towing, Inc. was and is engaged in the business of towing of passenger vehicles and commercial vehicles.

27.     Between June 10, 2019 and the present date, Mike's Heavy Duty Towing, Inc. was and is engaged in the business of towing of vehicles in interstate commerce.

28.     On June 10, 2019, Mike's Heavy Duty Towing, Inc. was hired by non-party Western Express Inc. to tow a 2016 White Commercial Tractor Trailer bearing Tennessee

license plate number E8054HY (the "Truck") at the specific request of non-party Western Express Inc.

29.     On June 10, 2019, Plaintiff Salvatore Mazzio received a telephone call from a towing company stating that the Defendant NYPD contacted them to remove the Truck from the Clearview Express and 26th Avenue in Queens County, City and State of New York and/or the Clearview Express and Northern Boulevard in Queens County, City and State of New York (the "Tow Location"), because the other towing company was unable to remove the Truck owned and/or operated by non-party Western Express Inc. from the Tow Location and Plaintiff Mike's Heavy Duty Towing Inc. was asked to remove the Truck from the Tow Location.

30.     Prior to Plaintiff Mike's Heavy Duty Towing Inc. removing the Truck from the Tow Location, non-party Western Express, through its employee non-party Jeffrey M. Patty gave authorization to Plaintiff Mike's Heavy Duty Towing Inc. to remove the Truck from the Tow Location.

31.     Plaintiff Mike's Heavy Duty Towing, Inc. is a heavy duty towing company, towing large trucks, that often other towing companies cannot handle.

32.     On June 10, 2019, Plaintiff Salvatore Mazzio sent and/or attempted to send photographs of the Truck via cellular phone text messaging and/or via email to employees of non-party Western Express Inc. to show the condition of the Truck at the Tow Location, at the request of employees of non-party Western Express Inc.

33.     On June 10, 2019, John Prather, the driver of the Truck who was an employee or independent contractor of non-party Western Express Inc. was arrested by Defendant

NYPD for, upon information and driving while intoxicated, after crashing the Truck into concrete barriers, which caused damages to the rims and wheels of the Truck.

34.     On or about June 10, 2019, Plaintiff Salvatore Mazzio sent, and/or attempted to send photographs of the Truck via cellular phone text messaging and/or via email to employees of non-party Western Express Inc. and Plaintiff Salvatore Mazzio and Plaintiff Mike's Heavy Duty Towing Inc., obtained the consent of non-party Western Express Inc. to remove the Truck from the Truck Location for which non-party Western Express Inc. agreed to pay towing and/or removal charges to Plaintiff Mike's Heavy Duty Towing Inc.

35.     On June 10, 2019, at approximately 5:30 p.m., Plaintiff Salvatore Mazzio attempted to send photos of the Truck to non-party Jeffrey M. Patty, an employee of non-party Western Express Inc. via email but the email address jpatty@westerexp.com was inoperable.

36.     On June 10, 2019, Plaintiff Salvatore Mazzio actually sent a photo of the Truck to non-party Evan Sadler, an employee of non-party Western Express Inc. via email at onroaddealer@westerexp.com and the email message was received by Non-party Evan Sadler.

37.     On June 10, 2019 at approximately 5:32 p.m., Plaintiff Salvatore Mazzio contacted non-party Western Express Inc. by telephone from Plaintiff Salvatore Mazzio's cell phone to telephone number 866-889-5580, and Plaintiff Salvatore Mazzio spoke with non-party Jeffrey M. Patty, an employee of non-party Western Express Inc. and/or non-party Evan Sadler, an employee of non-party Western Express Inc. for approximately five minutes concerning the towing of and costs of removal of the Truck by Plaintiff Mike's Heavy Duty Towing Inc.

38.     On June 10, 2019 at approximately 5:32 p.m., non-party Jeffrey M. Patty, an employee of non-party Western Express Inc. and non-party Evan Sadler, an employee of non-party Western Express Inc. authorized Plaintiff Salvatore Mazzio and Plaintiff Mike's Heavy Duty Towing Inc. to tow and/or remove the Truck by telephone in a 5 minute telephone conversation.

39.     On June 10, 2019 at approximately 6:44 p.m., Plaintiff Salvatore Mazzio spoke to non-party Jeffrey M. Patty, an employee of non-party Western Express Inc. and non-party Evan Sadler, an employee of non-party Western Express Inc. via telephone by call to telephone number 866-889-5580, wherein non-party Jeffrey M. Patty, an employee of non-party Western Express Inc. and non-party Evan Sadler, an employee of non-party Western Express Inc. authorized Plaintiff Salvatore Mazzio and Plaintiff Mike's Heavy Duty Towing Inc. to tow and/or remove the Truck by telephone in a 3 minute telephone conversation.

40.     On June 10, 2019 at approximately 6:47 p.m., Plaintiff Salvatore Mazzio spoke to non-party Jeffrey M. Patty, an employee of non-party Western Express Inc. and non-party Evan Sadler, an employee of non-party Western Express Inc. via telephone by call to telephone number 866-889-5580, wherein non-party Jeffrey M. Patty, an employee of non-party Western Express Inc. and non-party Evan Sadler, an employee of non-party Western Express Inc. authorized Plaintiff Salvatore Mazzio and Plaintiff Mike's Heavy Duty Towing Inc. to tow and/or remove the Truck by telephone in a 4 minute telephone conversation.

41.     On June 10, 2019 at approximately 6:57 p.m., Plaintiff Salvatore Mazzio spoke to non-party Jeffrey M. Patty, an employee of non-party Western Express Inc. and non-party Evan Sadler, an employee of non-party Western Express Inc. via telephone by call to telephone number 866-889-5580, wherein non-party Jeffrey M. Patty, an employee of non-

party Western Express Inc. and non-party Evan Sadler, an employee of non-party Western Express Inc. authorized Plaintiff Salvatore Mazzio and Plaintiff Mike's Heavy Duty Towing Inc. to tow and/or remove the Truck by telephone in a 4 minute telephone conversation.

42.     On June 10, 2019 at approximately 7:00 p.m., Plaintiff Salvatore Mazzio spoke to non-party Jeffrey M. Patty, an employee of non-party Western Express Inc. and non-party Evan Sadler, an employee of non-party Western Express Inc. for approximately 14 minutes via telephone by call to telephone number 866-889-5580, wherein non-party Jeffrey M. Patty, an employee of non-party Western Express Inc. and non-party Evan Sadler, an employee of non-party Western Express Inc. authorized Plaintiff Salvatore Mazzio and Plaintiff Mike's Heavy Duty Towing Inc. to tow and/or remove the Truck.

43.     On June 12, 2019 at approximately 10:18 am, non-party Jeremy Allen of non-party Western Express Inc. stated in an email to Plaintiff Mike's Heavy Duty Towing Inc.: "Did you send over the invoice? I never received it".

44.     On June 12, 2019, Plaintiff Mike's Heavy Duty Towing Inc. provided an invoice to non-party Western Express Inc. for the services provided by Plaintiff Mike's Heavy Duty Towing Inc. to non-party Western Express Inc. in the amount of $12,374.73, which was received by non-party Western Express Inc. and never disputed.

45.     On June 10, 2019, at the request of non-party Western Express Inc., Plaintiff Mike's Heavy Duty Towing Inc. purchased four rims and tires for non-party Western Express Inc.'s Truck in order to transport the Truck from the Tow Location to the storage facility of Plaintiff Mike's Heavy Duty Towing Inc.

46.     The Truck was never parked within any portion of the real property occupied by Plaintiff Mike's Heavy Duty Towing Inc., but rather, the Truck was parked on a public

street located outside of the real property occupied by Plaintiff Mike's Heavy Duty Towing Inc.

47.      Upon information and belief, non-party Jeremy Allen, an employee of non-party Western Express Inc. at all relevant times as set forth in this complaint was the Assets Manager of Non-party Western Express Inc.

48.      Upon information and belief, Non-party Erik Wilkinson, an employee of non-party Western Express Inc. at all relevant times as set forth in this complaint was the Director of Extended Operations and/or Onroad Service Manager of non-party Western Express Inc.

49.      On June 12, 2019 at approximately 8:48 am, non-party Jeremy Allen, an employee of non-party Western Express Inc. stated in an email from jallen@westernexp.com to Plaintiff Mike's Heavy Duty Towing Inc. at mike@mikeshdt.com: "Danyel Moss in truck 29391 will be coming to pick up the trailer. Will take care of the current bill here shortly".

50.      Non-party Western Express Inc. agreed to pay Plaintiff Mike's Heavy Duty Towing Inc. for the towing and/or removal services that Plaintiff Mike's Heavy Duty Towing Inc.  provided to non-party Western Express Inc. for the Truck.

51.      Upon information and belief, between June 10, 2019 and July 31, 2019, non-party Evan Sadler, an employee of non-party Western Express Inc. was the on-road dealer coordinator for non-party Western Express Inc.

52.      Upon information and belief, between June 10, 2019 and July 31, 2019, non-party Jeffrey M. Patty, an employee of non-party Western Express Inc. was the on-road service coordinator for non-party Western Express Inc.

53.     Upon information and belief, between June 10, 2019 and July 31, 2019, non-party Jeremy Allen, an employee of non-party Western Express Inc. was the asset manager for non-party Western Express Inc.

54.     Upon information and belief, on or about June 12, 2019, non-party Evan Sadler, an employee of non-party Western Express Inc. made a complaint to the Defendant NYPD, stating that non-party Western Express Inc. received an invoice from Plaintiff Mike's Heavy Duty Towing, Inc. in the amount of $14,824.42 for the removal of a tractor and/or trailer owned and/or operated by non-party Western Express Inc. from the Tow Location.

55.     Upon information and belief, on or about June 12, 2019, non-party Evan Sadler made a complaint to the Defendant NYPD, stating that Non-party Western Express Inc. did not request Plaintiff Mike's Heavy Duty Towing, Inc. to tow and/or remove a tractor and/or trailer owned and/or operated by non-party Western Express Inc. from the Tow Location or from any other location.

56.     On June 10, 2019, Non-party Western Express Inc. requested that Plaintiff Mike's Heavy Duty Towing, Inc. tow and/or remove the disabled Truck from the Tow Location.

57.     On June 10, 2019, at the specific instance and requests of Non-party Western Express Inc., Plaintiff Mike's Heavy Duty Towing, Inc. agreed to and did in fact remove the disabled Truck owned and/or operated by non-party Western Express Inc. from the Tow Location.

58.     On June 10, 2019, Defendant Police Officer Gary Minutolo arrived at the Tow Location to inspect the tractor trailer truck, which Plaintiff Mike's Heavy Duty Towing, Inc.

was hired by non-party Western Express Inc. to tow and/or remove the Truck from the Tow Location.

59.     On or about June 10, 2019, Defendant Police Officer Gary Minutolo spoke to Plaintiff Salvatore Mazzio at the Tow Location, and Plaintiff Salvatore Mazzio stated that Plaintiff Mike's Heavy Duty Towing, Inc. was hired by non-party Western Express Inc. to tow and/or remove from the Tow Location.

60.     On or about June 10, 2019, Defendant Police Officer Gary Minutolo knew that Plaintiff Mike's Heavy Duty Towing, Inc. was hired by, and authorized by non-party Western Express Inc. to tow and/or remove from the Tow Location.

61.     Although non-party Western Express Inc. requested that Plaintiff Mike's Heavy Duty Towing, Inc. tow and/or remove the Truck from the Tow Location, upon information and belief, non-party Western Express Inc. and its employees, agents, and representatives, including but not limited to non-party Evan Sadler, non-party Jeffrey M. Patty, on-party Jeremy Allen and non-party Erik Wilkinson, were told by members of the Defendant NYPD to file a criminal complaint against Plaintiffs, for, inter alia, extoration, stating that Plaintiff Mike's Heavy Duty Towing, Inc. stole the Truck, demanded payment to release the Truck, and that Plaintiff Mike's Heavy Duty Towing, Inc. was not hired by, or authorized by non-party Western Express Inc. to tow and/or remove the Truck from the Tow Location; all of which was false, and knowingly false to the Defendants.

62.     Upon information and belief, Defendant Detective Stephen Tesoriero is a member of the organized crime investigation division, and sought to have false charges brought against Plaintiff Michael Mazzio and Plaintiff Salvatore Mazzio.

63.     Upon information and belief, the reason why the Defendants conspired with non-party Western Express Inc. and its employees to have the Plaintiffs arrested, was to gain leverage agianst Plaintiffs in a multi-defendant case pending in the Supreme Court of the State of New York, New York County, entitled The People of the State of New York v. Fava, et.al., Indictment #81/2018. (the "Manhattan DA Case"). Plainitffs have not pled guilty or been convicted of any crimes in the Manhattan DA Case.

64.     Upon information and belief, Defendant Detective Stephen Tesoriero and Defendant Detective Jaime Garcia are assigned to the Manhattan DA Case, and had maliciously told non-party Western Express and/or their employees to press criminal charges against Plaintiffs, knowing that Plaintiffs did not steal the Truck owned by non-party Western Express.

65.     Upon information and belief, in an attempt to persuade the Queens County District Attorney's office to prosecute Plaintiffs, between on or about July 11, 2019 and January 7, 2020, Defendant Detective Jaime Garcia met with or spoke with the attorneys at the Queens County District Attorney's office, and told such attorneys that Plaintiff Mike's Heavy Duty Towing, Inc. was associated with organized crime, which a false statement made by Defendant Detective Jaime Garcia.

66.     Upon information and belief, in an attempt to persuade the Queens County District Attorney's office to prosecute Plaintiffs without any legal basis for doing so, between on or about July 11, 2019 and January 7, 2020, Defendant Detective Stephen Tesoriero met with or spoke with the attorneys at the Queens County District Attorney's office, and told such attorneys that (a) "The NYPD is charged with the responsibility of awarding permits for towing operations on 16 Arterial Highways within the City's Borders"; (b) "In 2009 the

NYPD awarded permits to Universe Towing, Runway Towing, Apple Towing, Autorama, Boscaino (Speedway Towing), Knights, Staten Island Towing and Mikes Towing"; (c) One of the vendors that submitted a permit request in 2009 was Ridge Transportation, run by Carl Fava. The NYPD declared Ridge not responsible based on C.E.I.S. reports linking Fava with mob ties"; (d) "In 2012, the NYPD defaulted Staten Island Towing and terminated their permit on the basis that they were 2 years in arrears paying their required permit fees" (e) "An NYPD committee, awarded the Staten Island permits to Apple Towing; (f) The NYPD terminated one of the other towing companies, Boscaino (Speedway Towing), in 2016 based on its Principle's criminal conviction of forgery and identity theft in the 1st degree"; (f) "Beginning March 2017, the NYPD released a new solicitation for new arterial tow permits"; (g) " In February 2018, the Manhattan DA released indictments which implicated several existing and potential Arterial Tow permit holders. The companies implicated included current permit holders Apple, Mikes, and Breen. Also, some new companies that had submitted applications were also indicted, including TowArrific and Southside Towing"; (h) "In March 2018, the NYPD terminated the permits for Apple, Mikes and Breen based on the Manhattan DA's indictments"; (i) The NYPD, in consultation with the City's Law Department, decided to extend the permits of the remaining four vendors for an additional three years (April 2018 through March 2021)";

67.    Upon information and belief, in an attempt to persuade the Queens County District Attorney's office to prosecute Plaintiffs, between on or about July 11, 2019 and January 7, 2020, New York County Assistant District Attorney Guy Tardanico and/or New York County Assistant District Attorney Denise Vassel spoke with the attorneys at the

Queens County District Attorney's office, and told such attorneys that Plaintiffs should be prosecuted for stealing the Truck.

68.     In notes obtained from the Queens County District Attorney's office, it states in the notes made by Queens County District Attorney's office as related to the Queens County District Attorney's office by Defendants, and/or members of the New York County District Attorney's office that "Mazzio was charging other companies to use Plaintiff Mike's Heavy Duty Towing Inc.'s arterial towing permits issued by the Defendant NYPD, which was false.

69.     Upon information and belief, in an attempt to persuade the Queens County District Attorney's office to prosecute Plaintiffs, between on or about July 11, 2019 and January 7, 2020, Defendant Detective Jaime Garcia told non-party Western Express and/or its employees to make telephone records of Plaintiff Michael Mazzio in an attempt to get Plaintiff Michael Mazzio to make statements that would assist the Queens County District Attorney's office to prosecute Plaintiffs.

70.     Upon information and belief, Defendants told Ron Lowell, the general counsel for non-party Western Express not to have non-party Western Express pay the charges due to Plaintiff Mike's Heavy Duty Towing, Inc., and to work with the Defendants in tape or electronic recording of Plaintiffs in an attempt to set up the Plaintiffs for criminal charges that simply did not exist with regard to the towing of the Truck.

71.     Upon information and belief, Defendant Detective Stephen Tesoriero and Defendant Detective Jaime Garcia knew that Plaintiffs legally towed the Truck, but in an attempt to damage Plaintiffs and their business and in the attempt to force Plaintiff Mike's Heavy Duty Towing Inc. out of business, Defendants directed non-party Western Express

and/or their employees to press criminal charges against Plaintiffs, knowing that Plaintiffs did not steal the Truck owned by non-party Western Express.

72.     Upon information and belief, Non-party Western Express Inc. filed a complaint with the Defendant NYPD claiming that the Truck was stolen by Plaintiff Mike's Heavy Duty Towing, Inc.

73.     Upon information and belief, non-party Western Express Inc. filed a complaint with the Defendant NYPD claiming that the Truck was stolen by Plaintiff Salvatore Mazzio.

74.     Upon information and belief, non-party Western Express Inc. filed a complaint with the Defendant NYPD claiming that the Truck was stolen by Plaintiff Michael Mazzio.

75.     Upon information and belief, non-party Western Express Inc. and/or its employees, agents, and representatives, including but not limited to non-party Evan Sadler, non-party Jeffrey M. Patty, non-party Jeremy Allen and/or non-party Erik Wilkinson conspired with Defendants to claim that Plaintiffs stole the Truck.

76.     Non-party Western Express Inc. and/or its employees, agents, and representatives, including but not limited to non-party Evan Sadler, non-party Jeffrey M. Patty, non-party Jeremy Allen and/or non-party Erik Wilkinson, knowingly made a frivously and false report to the Defendant NYPD stating that a Plaintiff and/or Plaintiffs stole the Truck at the insistence of the Defendants.

77.     On or about June 12, 2019, non-party Evan Sadler, an employee of non-party Western Express Inc. had a telephone conversation with Plaintiff Michael Mazzio concerning the Truck.

78.     On or about June 12, 2019, non-party Evan Sadler, an employee of non-party Western Express Inc. had a telephone conversation with Plaintiff Michael Mazzio concerning the Truck, wherein Plaintiff Michael Mazzio requested that non-party Western Express Inc. pay Plaintiff Mike's Heavy Duty Towing Inc. the charges incurred by non-party Western Express Inc. for the towing and/or removal of the Truck from the Tow Location by Plaintiff Mike's Heavy Duty Towing Inc.

79.     Non-party Western Express Inc. refused to pay Plaintiff Mike's Heavy Duty Towing Inc. for the towing and/or removal charges incurred by non-party Western Express Inc. for the services provided by Plaintiff Mike's Heavy Duty Towing Inc. to non-party Western Express Inc.

80.     On or about June 11, 2019, at the recommendation of a member or members of Defendant NYPD, non-party Evan Sadler, an employee of non-party Western Express Inc. made a frivously and false statements and complaints to the Defendant NYPD by stating that Plaintiff Mike's Heavy Duty Towing Inc. was not hired by non-party Western Express Inc. for the towing and/or removal of the Truck from the Tow Location.

81.     On July 8, 2019 at 4:16 p.m., non-party Erik Wilkinson sent an email from ewilkinson@westernexp.com to Plaintiff Mike's Heavy Duty Towing Inc. at mmazzio2002@aol.com stating "Mike, this email will confirm our phone conversation regarding invoice #184970 that we will overnight the check for $5,000 and have the courier deliver tomorrow".

82.     Upon information and belief, between June 10, 2019 and July 8, 2019, Defendants or at least one defendant, or member of Defendant NYPD told non-party Western Express Inc. or its employee or employees to cause non-party Western Express Inc. to issue a

check payable to Plaintiff Mike's Heavy Duty Towing Inc., in an attempt to entrap Plaintiff Mike's Heavy Duty Towing Inc. into commiting a crime, although Plaintiffs committed no crime.

83.     Based on non-party Erik Wilkinson's email of July 8, 2019, non-party Western Express Inc. acknowledged that Plaintiff Mike's Heavy Duty Towing Inc. provided services to non-party Western Express Inc. for which monies were due to Plaintiff Mike's Heavy Duty Towing Inc.

84.     When non-party Evan Sadler made the statements and complaints to the Defendant NYPD that Plaintiff Mike's Heavy Duty Towing Inc. was not hired by non-party Western Express Inc. for the towing and/or removal of the Truck from the Tow Location, non-party Evan Sadler knew that such statements were frivously and false, but made the statements at the request of and direction of the Defendant NYPD.

85.     On or about July 11, 2019, Plaintiff Salvatore Mazzio was arrested by the Defendant NYPD and charged with the crime (i) under New York Penal Law § 155.40-1 which is Grand Larceny in the Second Degree with value exceeding $50,000; and (ii) under New York Penal Law §165.52 which is Criminal possession of stolen property in the Second Degree, charged with stealing the Truck.

86.     Plaintiff Michael Mazzio and Plaintiff Salvatore Mazzio were arrested by the Defendant NYPD and charged with the crime (i) under New York Penal Law § 155.40-1 which is Grand Larceny in the Second Degree with value exceeding $50,000; and (ii) under New York Penal Law §165.52 which is Criminal possession of stolen property in the Second Degree solely based on the frivously and false complaint made by non-party Evan Sadler to the Defendant NYPD at the direction of and recommendation of Defendants.

87.     If non-party Evan Sadler had not made a frivolsy and false complaint and/or frivolsy and false statements to the Defendant NYPD, Plaintiff Michael Mazzio and Plaintiff Salvatore Mazzio would not have been arrested by the Defendant NYPD.

88.     As a result of the false arrest of Plaintiff Michael Mazzio and Plaintiff Salvatore Mazzio, Plaintiff Michael Mazzio and Plaintiff Salvatore Mazzio's liberties and freedom were taken, and Plaintiff Michael Mazzio and Plaintiff Salvatore Mazzio were charged with crimes, incurred substantial legal fees and costs due to their arrests based on frivolsy and false statements made by Defendants to non-party Western Express Inc. and/or their employees, and Plaintiff Michael Mazzio and Plaintiff Salvatore Mazzio suffered the intentional and/or reckless infliction of emotional distress.

89.     Prior to June 10, 2019, non-party Western Express Inc. had conducted business with Plaintiff Mike's Heavy Duty Towing Inc. and/or with Apple Towing Co., Inc. a company owned by Plaintiff Salvatore Mazzio more than 250 times.

90.     Between June 10, 2019 and July 11, 2019, Defendants knew that Plaintiff Mike's Heavy Duty Towing Inc. and/or with Apple Towing Co., Inc. a company owned by Plaintiff Salvatore Mazzio provided towing services to non-party Western Express Inc. more than 250 times.

91.     Prior to June 10, 2019, non-party Western Express Inc. had regularly conducted business with, and/or hired Plaintiff Mike's Heavy Duty Towing Inc. and/or with Apple Towing Co., Inc. for towing and/or truck removal services in New York City and the Defendants were aware of this fact prior to arresting Plaintiff Michael Mazzio and Plaintiff Salvatore Mazzio.

92.     Upon information and belief, non-party Western Express Inc. engaged in a regular course of conduct of business with Plaintiff Mike's Heavy Duty Towing Inc.

93.     Upon information and belief, non-party Western Express Inc. engaged in a regular course of conduct of business with Apple Towing Co., Inc., a company owned by Plaintiff Salvatore Mazzio.

94.     Defendants conspired with non-party Western Express Inc. to file a frivolous and false complaint to the Defendant NYPD in order to cause the arrests of Plaintiff Michael Mazzio and Plaintiff Salvatore Mazzio.

95.     All criminal charges against Plaintiff Salvatore Mazzio based on the frivolous and false complaint filed by Defendants were dismissed by the Queens County District Attorney's Office.

96.     All criminal charges against Plaintiff Michael Mazzio based on the frivolous and false complaint filed by Defendants were dismissed by the Queens County District Attorney's Office.

97.     There was never any probable cause to arrest Plaintiff Michael Mazzio and Plaintiff Salvatore Mazzio with regard to the claim that Plaintiff Michael Mazzio and Plaintiff Salvatore Mazzio stole the Truck, yet Defendants arrested Plaintiff Michael Mazzio and Plaintiff Salvatore Mazzio.

98.     During the investigation of the criminal complaint, the Queens District Attorney's Office discovered that Plaintiffs had consistently claimed that they had Western Express's permission to tow the Truck, and Plaintiffs provided the Queens District Attorney's Office with several pieces of information/evidence in support of their claim, which information and evidence were available to the Defendants prior to arresting Plaintiff

Michael Mazzio and Plaintiff Salvatore Mazzio, but the Defendants had an ulterior motive for having Plaintiff Michael Mazzio and Plaintiff Salvatore Mazzio arrested.

99.     During the investigation of the criminal complaint, the Queens District Attorney's Office discovered that Plaintiffs did not receive the towing job from Defendant NYPD, but rather as a referral from Knight's Towing, who had received the NYPD tow job, because their tow truck was broken, which information and evidence was available to the Defendants prior to arresting Plaintiff Michael Mazzio and Plaintiff Salvatore Mazzio, but the Defendants had an ulterior motive for having Plaintiff Michael Mazzio and Plaintiff Salvatore Mazzio arrested.

100.    During the investigation of the criminal complaint, the Queens District Attorney's Office discovered that Plaintiffs provided a text message screen shot allegedly sent to Plaintiff Salvatore Mazzio from "Josh Knights" with a photo of the disabled trailer, from Monday, June 10, 2019 at approximately 5:30 p.m. which information and evidence was available to the Defendants prior to arresting Plaintiff Michael Mazzio and Plaintiff Salvatore Mazzio, but the Defendants had an ulterior motive for having Plaintiff Michael Mazzio and Plaintiff Salvatore Mazzio arrested.

101.    During the investigation of the criminal complaint, the Queens District Attorney's Office discovered that Plaintiff Salvatore Mazzio spoke with a Western Express on-road coordinator, Jeffrey Patty, at approximately 5:32 p.m. on June 10, 2019, and that Jeffrey Patty gave permission to tow the tractor trailer which information and evidence was available to the Defendants prior to arresting Plaintiff Michael Mazzio and Plaintiff Salvatore Mazzio, but the Defendants had an ulterior motive for having Plaintiff Michael Mazzio and Plaintiff Salvatore Mazzio arrested.

102.   During the investigation of the criminal complaint, the Queens District Attorney's Office discovered that Plaintiffs provided an email from Apple Towing to onroaddealer@westernexp.com dated June 10, 2019 at 5:34 p.m. with an attached image of the broken down tractor trailer, which they claimed they sent to Jeffrey Patty at his request in response to the above phone call which information and evidence was available to the Defendants prior to arresting Plaintiff Michael Mazzio and Plaintiff Salvatore Mazzio, but the Defendants had an ulterior motive for having Plaintiff Michael Mazzio and Plaintiff Salvatore Mazzio arrested.

103.   During the investigation of the criminal complaint, the Queens District Attorney's Office discovered that Plaintiffs provided phone records purporting to be of Plaintiff Salvatore Mazzio's cell phone from June 10, 2019, showing calls Western Express's 1-800 phone number at 5:32 p.m., 6:44 p.m., 6:47 p.m., 6:57 p.m., and 7:00 p.m. which information and evidence was available to the Defendants prior to arresting Plaintiff Michael Mazzio and Plaintiff Salvatore Mazzio, but the Defendants had an ulterior motive for having Plaintiff Michael Mazzio and Plaintiff Salvatore Mazzio arrested.

104.   During the investigation of the criminal complaint, the Queens District Attorney's Office discovered that Plaintiffs provided a printout of an email from Jeremy Allen, Assets Manager, Western Express to Plaintiff Michael Mazzio (mike@mikeshdt.com) dated June 12, 2019, 8:48 a.m., stating "DANYEL MOSS in truck 29391 will be coming to pick up the trailer. We will take care of the current bill here shortly." A printout of a second email from Allen, from 10:18 a.m. on June 12, 2019 states, "Did you send over the invoice? I never received it", which information and evidence was available to the Defendants prior to

arresting Plaintiff Michael Mazzio and Plaintiff Salvatore Mazzio, but the Defendants had an ulterior motive for having Plaintiff Michael Mazzio and Plaintiff Salvatore Mazzio arrested.

105.    On July 11, 2019, Plaintiffs were falsely arrested by the Defendant NYPD for charges including for PL. 155.40-1 – Grand Larceny in the Second Degree with value exceeding $50,000; and PL 165.52 – Criminal possession of stolen property in the Second Degree.

106.    Plaintiffs were illegally imprisoned for several hours on July 11, 2019 and held against their will by Defendant NYPD.

107.    Defendants maliciously prosecuted and forced Plaintiffs to appear in Court on numberous occasions even though Defendant NYPD had no probable cause to arrest Plaintiffs.

108.    Defendants maliciously prosecuted and forced Plaintiffs to appear in Court on numberous occasions even though the Defendant NYPD had no merit to the commencement and continuance of the prosecution of the complaint against Plaintiffs.

109.    Prosecution of the Plaintiffs was malicious.

110.    Imprisonment of Plaintiffs by Defendants was illegal and improper.

111.    Upon information and belief, When the Assistant Queens County District Attorney confronted Defendants and/or representatives of non-party Western Express Inc. with the fact that Jeffrey Patty, a real employee of non-party Western Express Inc. actually authorized Plaintiff Mike's Heavy Duty Towing Inc. on June 10, 2019 to conduct the tow of the Truck, Defendants and/or representatives of non-party Western Express Inc. refused to further cooperate with the investigation by the Queens County District Attorney's office, and the charges against Plaintiff Michael Mazzio and Plaintiff Salvatore Mazzio were dismissed.

112.    Had the Defendants properly investigated and been truthful in that Jeffrey Patty, a real employee of non-party Western Express Inc. actually authorized Plaintiff Mike's Heavy Duty Towing Inc., there would have and was no probable cause to arrest Plaintiff Michael Mazzio and Plaintiff Salvatore Mazzio.

113.    Defendant NYPD at the direction of its employees and agents, including but not limited to Defendant Detective Stephen Tesoriero, Defendant Detective Jaime Garcia and Defendant Police Officer Gary Minutolo caused the unlawful arrest of Plaintiffs.

114.    Upon information and belief, Defendants directed Western Express Inc. and/or its employees, Evan Sadler, Jeffrey M. Patty, Jeremy Allen and/or Erik Wilkinson to make false claims against Plaintiffs in effectuating a legal towing of a truck, that Plaintiffs stole the truck and possessed the truck owned by Western Express Inc. when the fact was that Plaintiffs and Plaintiff Mike's Heavy Duty Towing Inc. did not steal or unlawfully possess a truck owned by Western Express Inc., but rather provided legal towing services for Western Express Inc. at the specific instance and request of Western Express Inc. and its employees.

115.    Plaintiffs did not commit any crimes for which they was charged based on the false and frivolous criminal complaint filed under case # CR-021914-19QN in the Criminal Court of the City of New York, County of Queens by the Defendants and/or the Queens District Attorney's Office.

116.    Additionally, based on false inforamtion, upon information and belief, Defendants sought a search warrant, Search Warrant Number 821/19 from the Honorable Judge Waters of the Queens County Criminal Court ("Judge Waters") who issued a search warrant on or about July 9, 2019 to search the business premises of Plaintiff Mike's Heavy Duty Towing Inc. located at 816 Liberty Avenue, Brooklyn, New York.

117.    Based on a frivolous application for a search warrant executed by, upon information and belief, one or more of the defendants, Judge Waters was deceived by Defendants, and signed a search warrant, and the Defendant executed a search of Plaintiff Mike's Heavy Duty Towing Inc. business premises, solely based on the false and frivolous allegations and claims of Defendant Detective Stephen Tesoriero and Defendant Police Officer Gary Minutolo.

118.    Between July 11, 2019 and July 12, 2019, Plaintiffs were arrested and imprisoned against their will, and confined in the following institutions: Queens Central Booking and Queens County Criminal Courts.

119.    Due to the false arrest of Plaintiffs by Defendants, Plaintiffs reputation was damaged by Defendants, and the Plaintiffs were falsely arrested and illegally imprisoned.

120.    Due to the false arrest of Plaintiffs by Defendants, Plaintiffs were deprived of civil liberties under color of law.

121.    Due to the false arrest of Plaintiffs by Defendants, Plaintiff Salvatore Mazzio's health was impaired.

122.    Due to the false arrest of Plaintiffs by Defendants, Plaintiff Michael Mazzio's health was impaired.

123.    Due to the false arrest of Plaintiffs by Defendants, Plaintiff Salvatore Mazzio suffered personal injury and property damages.

124.    Due to the false arrest of Plaintiffs by Defendants, Plaintiff Michael Mazzio suffered personal injury and property damages.

125.    Due to the false arrest of Plaintiffs by Defendants, Plaintiff Mike's Heavy Duty Towing Inc. suffered personal injury and property damages.

**AS AND FOR A FIRST CLAIM FOR RELIEF FOR VIOLATION OF 42 U.S.C. §1983
AND THE UNITED STATES CONSTITUTION, INCLUDING ITS
FOURTH AND FOURTEENTH AMENDMENTS**

126.    Plaintiffs repeat, reiterate and reallege each and every allegation contained in paragraphs "1" through "125" of this complaint, with the same force and effect as if more fully set forth at length herein.

127.    By their conduct and actions in falsely arresting, maliciously prosecuting Plaintiffs, Defendants acting under color of law and without lawful justification, intentionally, maliciously, and with a deliberate indifference to or a reckless disregard for the natural and probable consequences of their acts, caused injury and damage in violation of Plaintiffs constitutional rights as guaranteed under 42 U.S.C. §1983 and the United States Constitution, including its Fourth and Fourteenth Amendments.

128.    As a result of the foregoing, Plaintiffs were deprived of their liberties, pain and suffering, emotional distress, great humiliation, costs and expenses, and were otherwise damaged and injured.

129.    By reason of the foregoing, Plaintiffs have been damaged and demands judgment against Defendants in an amount to be determined at trial but anticipated to be no less than $5,000,000, plus interest, costs, disbursements and attorney's fees.

**AS AND FOR A SECOND CLAIM FOR RELIEF
FOR CONSTITUTIONAL VIOLATIONS**

130.    Plaintiffs repeat, reiterate and reallege each and every allegation contained in paragraphs "1" through "129" of this complaint, with the same force and effect as if more fully set forth at length herein.

131.    At all times material to this complaint, Defendant THE CITY OF NEW YORK and Defendant NYPD had de facto policies, practices customs and usages which were a direct and proximate cause of the unconstitutional conduct alleged herein.

132.    At all times material to this complaint, Defendant THE CITY OF NEW YORK and Defendant NYPD failed to properly train, screen, supervise, or discipline employees and police officers, and failed to inform the individual Defendants' supervisors of their need to train, screen, supervise or discipline Defendant Detective Stephen Tesoriero, Defendant Detective Jaime Garcia and Defendant Police Officer Gary Minutolo. The policies, practices, customs, and usages were a direct and proximate cause of the unconstitutional conduct alleged herein, causing injury and damage in violation of Plaintiffs constitutional rights as guaranteed under 42 U.S.C. §1983 and the United States Constitution, including its Fourth and Fourteenth Amendments.

133.    As a result of the foregoing, Plaintiffs were deprived of their liberties, pain and suffering, emotional distress, great humiliation, costs and expenses, and were otherwise damaged and injured.

134.    By reason of the foregoing, Plaintiffs have been damaged and demands judgment against Defendants in an amount to be determined at trial but anticipated to be no less than $5,000,000, plus interest, costs, disbursements and attorney's fees.

## AS AND FOR A THIRD CLAIM FOR RELIEF FOR NEGLIGENCE

135.    Plaintiffs repeat, reiterate and reallege each and every allegation contained in paragraphs "1" through "134" of this complaint, with the same force and effect as if more fully set forth at length herein.

136.    Defendants, jointly and severally, negligently caused injuries, emotional distress, and damage to Plaintiffs. The acts and conduct of the Defendants were the direct and proximate cause of injury and damage to the Plaintiffs and violated their statutory and common law rights as guaranteed by the laws and Constitution of the State of New York.

137.    By reason of the foregoing, Plaintiffs have been damaged and demands judgment against Defendants in an amount to be determined at trial but anticipated to be no less than $5,000,000, plus interest, costs, disbursements and attorney's fees.

## AS AND FOR A FOURTH CLAIM FOR RELIEF FOR MALICIOUS PROSECUTION

138.    Plaintiffs repeat, reiterate and reallege each and every allegation contained in paragraphs "1" through "137" of this complaint, with the same force and effect as if more fully set forth at length herein.

139.    By the actions described above. Defendants maliciously prosecuted Plaintiffs without any right to do so. The acts and conduct of the Defendants were the direct and proximate cause of injury and damage to the Plaintiffs and violated their statutory and common law rights as guaranteed by the laws and Constitution of the State of New York.

140.    By reason of the foregoing, Plaintiffs have been damaged and demands judgment against Defendants in an amount to be determined at trial but anticipated to be no less than $5,000,000, plus interest, costs, disbursements and attorney's fees.

**WHEREFORE,** Plaintiffs demand judgment against Defendants as follows:

1.    Compensatory damages in an amount to be determined at trial but anticipated to be no less than $5,000,000, plus interest, costs, disbursements and attorney's fees;

2.   Punitive damages in an amount to be determined at trial but anticipated to be no less than $5,000,000, plus interest, costs, disbursements and attorney's fees;

3.   The convening and empaneling of a jury to consider the mertis of the claims herein;

4.   Pre-judgment and post-judgment costs, interest and attorney's fees;

5.   such other and further relief as this Court deems just and proper.

Dated:      March 24, 2021
            Great Neck, New York

_____
Gary Rosen (GR-8007)
ROSEN LAW LLC
Attorneys for Plaintiffs
Salvatore Mazzio and Michael Mazzio
216 Lakeville Road
Great Neck, New York 11020
516-437-3400