UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
------------------------------------------------------------------------ x

SALVATORE MAZZIO, MICHAEL MAZZIO, and
MIKE'S HEAVY DUTY TOWING INC.,

                              Plaintiffs,

            -against-

THE CITY OF NEW YORK, NEW YORK CITY POLICE
DEPARTMENT, DETECTIVE STEPHEN TESORIERO,
DETECTIVE JAIME GARCIA, AND POLJCE OFFICER
GARY MINUTOLO,

                              Defendants.

------------------------------------------------------------------------ X

**ANSWER**

Jury Trial Demanded

21-CV-1660-ERK-RLM

       Defendants the City of New York (the "City"), Detective (retired) Stephen Tesoriero, Detective Jaime Garcia, and Police Officer Gary Minutolo, by their attorney, Georgia M. Pestana, Acting Corporation Counsel of the City of New York, for their answer to the Complaint, respectfully allege, upon information and belief, as follows:

       1.     Paragraph "1" of the Complaint is a jury demand as to which no response is required.

       2.     Deny the allegations set forth in paragraph "2" of the Complaint, except admit only that plaintiffs purport to invoke jurisdiction as stated therein.

       3.     Deny the allegations set forth in paragraph "3" of the Complaint except admit only that plaintiffs purport to proceed as stated therein.

       4.     Deny the allegations set forth in paragraph "4" of the Complaint except admit only that plaintiffs purport to proceed as stated therein, that plaintiff Salvatore Mazzio submitted a purported "Notice of Claim" to the City and that the matter has not been settled or disposed of.

5. Deny the allegations set forth in paragraph "5" of the Complaint, except admit only that plaintiffs purport to base venue as stated therein.

6. Deny knowledge or information sufficient to form a belief as to the truth of the allegations set forth in paragraph "6" of the Complaint.

7. Deny knowledge or information sufficient to form a belief as to the truth of the allegations set forth in paragraph "7" of the Complaint.

8. Deny knowledge or information sufficient to form a belief as to the truth of the allegations set forth in paragraph "8" of the Complaint.

9. Insofar as paragraph "9" sets forth conclusions of law no response is required, but should a response be deemed required defendants deny the allegations set forth in paragraph "9" of the Complaint, except admit that the City of New York is a municipal corporation duly organized under the laws of the State of New York. and respectfully refer the Court to the New York City Charter and the Administrative Code for a recitation of the relationship between defendant City and the New York City Police Department ("NYPD") and the City's responsibilities incident thereto.

10. Insofar as paragraph "10" sets forth conclusions of law no response is required, but should a response be deemed required defendants deny the allegations set forth in paragraph "10" of the Complaint, except admit that the City of New York is a municipal corporation duly organized under the laws of the State of New York. and respectfully refer the Court to the New York City Charter and the Administrative Code for a recitation of the relationship between defendant City and the NYPD and admit that plaintiffs were lawfully arrested by officers of the NYPD on or about July 11, 2019.

11. Insofar as paragraph "11" sets forth conclusions of law no response is required, but should a response be deemed required the allegations are denied, except defendants admit that at all relevant times defendants Tesoriero, Garcia, and Minutolo were police officers employed by the NYPD and acted in the lawful pursuit of their duties.

12. Deny the allegations set forth in paragraph "12" of the Complaint, except admit only that plaintiffs purport to proceed as stated therein.

13. Deny the allegations set forth in paragraph "13" of the Complaint, except admit only that plaintiffs purport to invoke jurisdiction as stated therein.

14. Deny the allegations set forth in paragraph "14" of the Complaint, except admit only that a criminal prosecution was brought against defendants on or about July 11, 2019.

15. Insofar as paragraph "15" sets forth conclusions of law no response is required, but should a response be deemed required defendants deny knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph "15" of the complaint.

16. Deny the allegations set forth in paragraph "16" of the Complaint.

17. Deny the allegations set forth in paragraph "17" of the Complaint.

18. Deny the allegations set forth in paragraph "18" of the Complaint.

19. Deny the allegations set forth in paragraph "19" of the Complaint, except admit only that plaintiffs Michael and Salvatore Mazzio were lawfully arrested upon probable cause by officers of the NYPD on or about July 11, 2019.

20. Deny knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph "20" of the Complaint except object to and deny the embedded assertion that there was not probable cause to arrest either plaintiff.

21. Deny knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph "21" of the Complaint.

22. Deny knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph "22" of the Complaint.

23. Deny the allegations set forth in paragraph "23" of the Complaint.

24. Deny knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph "24" of the Complaint.

25. Deny knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph "25" of the Complaint.

26. Deny knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph "26" of the Complaint.

27. Deny knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph "27" of the Complaint.

28. Deny knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph "28" of the Complaint, except deny that agents of Western Express Inc. ("Western") ever stated to any defendant that they requested plaintiffs to tow such vehicle.

29. Deny knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph "29" of the Complaint.

30. Deny knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph "30" of the Complaint, except deny that agents of Western ever stated to any defendant that they requested plaintiffs to tow such vehicle.

31. Deny knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph "31" of the Complaint.

32. Deny knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph "32" of the Complaint.

33. Deny knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph "33" of the Complaint, except admit only that a person by the name alleged was lawfully arrested by defendant Minutolo on or about June 10, 2019, for driving a truck while intoxicated after being involved in an accident.

34. Deny knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph "34" of the Complaint.

35. Deny knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph "35" of the Complaint.

36. Deny knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph "36" of the Complaint.

37. Deny knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph "37" of the Complaint.

38. Deny knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph "38" of the Complaint, except deny that any agent of Western ever told any defendant that they authorized plaintiffs to tow the vehicle.

39. Deny knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph "39" of the Complaint, except deny that any agent of Western ever told any defendant that they authorized plaintiffs to tow the vehicle.

40. Deny knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph "40" of the Complaint, except deny that any agent of Western ever told any defendant that they authorized plaintiffs to tow the vehicle.

41. Deny knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph "41" of the Complaint, except deny that any agent of Western ever told any defendant that they authorized plaintiffs to tow the vehicle.

42. Deny knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph "42" of the Complaint, except deny that any agent of Western ever told any defendant that they authorized plaintiffs to tow the vehicle.

43. Deny knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph "43" of the Complaint.

44. Deny knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph "44" of the Complaint, except admit only that defendant Garcia was advised by Western that plaintiffs demanded approximately $12,000 from Western for the return of a towed truck and its contents.

45. Deny knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph "45" of the Complaint.

46. Deny knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph "46" of the Complaint.

47. Deny knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph "47" of the Complaint.

48. Deny knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph "48" of the Complaint, except admit only that the defendant Garcia was informed that Erik Wilkinson was at the relevant times an employee of Western.

49. Deny knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph "49" of the Complaint.

50. Deny knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph "50" of the Complaint, except deny that any agent of Western ever advised defendants that they agreed to pay plaintiffs for towing of the truck.

51. Deny knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph "51" of the Complaint, except admit that defendant Garcia and other NYPD officers were informed that at the relevant times Evan Sadler was an employee of Western.

52. Deny knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph "52" of the Complaint, except admit only that NYPD officers were told at some point that Jeffrey M. Patty was an employee of Western

53. Deny knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph "53" of the Complaint, except admit only that NYPD officers were told at some point that Jeremy Allen was an employee of Western.

54. Deny the allegations in paragraph "54" of the Complaint, except admit that on Evan Sadler reported to the NYPD that plaintiffs had presented Western with an invoice for $14,0824.42 for the towing of a vehicle that Western had not authorized to be towed by plaintiffs.

55. Deny the allegations in paragraph "55" of the Complaint, except admit that on or about June 12, 2019, Evan Sadler reported to the NYPD that plaintiffs had not authorized plaintiffs to tow the truck that they had towed and for which they were demanding payment.

56. Deny knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph "56" of the Complaint, except deny that any agent of Western ever advised any defendant that they authorized plaintiffs to tow their truck.

57. Deny knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph "57" of the Complaint, except deny that any agent of Western ever advised any defendant that they authorized plaintiffs to tow their truck.

58. Deny knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph "58" of the Complaint, except deny that any agent of Western ever advised any defendant that they authorized plaintiffs to tow their truck, and admit that defendant Minutolo was present at the scene of a truck accident on or about June 10, 2019.

59. Deny the allegations in paragraph "59" of the Complaint.

60. Deny the allegations in paragraph "60" of the Complaint.

61. Deny the allegations in paragraph "61" of the Complaint.

62. Deny the allegations in paragraph "62" of the Complaint.

63. Deny the allegations in paragraph "63" of the Complaint.

64. Deny the allegations in paragraph "64" of the Complaint.

65. Deny the allegations in paragraph "65" of the Complaint insofar as it alleges that defendant Garcia made any false statements, and admit only that NYPD officers

advised Queens County prosecutors that one or more plaintiffs were defendants in a criminal prosecution in Manhattan involving suspected members of organized crime.

      66. The allegations in paragraph "66" of the complaint are impermissible under Fed. R. Civ. P. 8 and 12(f) as they are wholly irrelevant to any claim properly asserted int his action; prolix; overly burdensome; and appear to be alleged for the improper purpose of obtaining evidence for an ongoing criminal proceeding and/or material that may be protected by the law enforcement privilege; and for that reason no response is required.

      67. Deny knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph "67" of the Complaint.

      68. Deny knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph "68" of the Complaint.

      69. Deny the allegations in paragraph "69" of the Complaint.

      70. Deny the allegations in paragraph "70" of the Complaint.

      71. Deny the allegations in paragraph "71" of the Complaint.

      72. Deny the allegations in paragraph "72" of the Complaint, except admit that agents of Western reported to NYPD that plaintiffs had towed Western's truck without authorization and were demanding money in exchange for its return.

      73. Deny the allegations in paragraph "73" of the Complaint, except admit that agents of Western reported to NYPD that plaintiffs had towed Western's truck without authorization and were demanding money in exchange for its return.

      74. Deny the allegations in paragraph "74" of the Complaint, except admit that agents of Western reported to NYPD that plaintiffs had towed Western's truck without authorization and were demanding money in exchange for its return.

75. Deny the allegations in paragraph "75" of the Complaint.

76. Deny knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph "76" of the Complaint, except deny that any agent of Western ever advised defendants that any of their statements were frivolous or false.

77. Deny knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph "77" of the Complaint.

78. Deny knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph "78" of the Complaint.

79. Deny knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph "79" of the Complaint, except admit only that Western advised defendants that they did not wish to pay the money that plaintiffs demanded for return of their truck.

80. Deny the allegations in paragraph "80" of the Complaint, except admit only that Evan Sadler advised defendants that plaintiff were not hired or authorized by Western to tow Western's truck.

81. Deny knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph "81" of the Complaint, except admit only that defendants have received a copy of a document purporting to be a copy of such an email, and defendants respectfully refer the Court to the document for the true and complete contents thereof.

82. Deny the allegations in paragraph "82" of the Complaint.

83. Deny knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph "83" of the Complaint, except deny that any agent of Western ever advised any defendant that Western authorized plaintiffs to tow Western's truck.

84. Deny the allegations in paragraph "84" of the Complaint, except deny knowledge and information sufficient to a form a belief as to the truth of the allegations in paragraph "84" regarding the state of mind of non-parties.

85. Deny the allegations in paragraph "85" of the Complaint, except admit that plaintiff Salvatore Mazzio was lawfully arrested by officers of the NYPD on or about July 11, 2019, upon probable cause to believe that he violated at least New York Penal Law §§ 155.35-01, 155.30-06, 165.52, and 190.60-01.

86. Deny the allegations in paragraph "86" of the Complaint, except admit that plaintiff Michael Mazzio was lawfully arrested by officers of the NYPD on or about July 11, 2019, upon probable cause to believe that he violated at least New York Penal Law §§ 155.35-01, 155.30-06, 165.52, and 190.60-01.

87. Deny the allegations in paragraph "87" of the Complaint, except admit that plaintiffs were lawfully arrested on the basis of probable cause provided in part by the statement of Evan Sadler.

88. Deny the allegations in paragraph "88" of the Complaint.

89. Deny knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph "89" of the Complaint.

90. Deny the allegations in paragraph "90" of the Complaint.

91. Deny the allegations in paragraph "91" of the Complaint.

92. Deny knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph "92" of the Complaint.

93. Deny knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph "93" of the Complaint.

94. Deny the allegations in paragraph "94" of the Complaint.

95. Deny knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph "95" of the Complaint, except deny that the charges against the plaintiffs were based on a "frivolous and false complaint" by defendants.

96. Deny knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph "96" of the Complaint, except deny that the charges against the plaintiffs were based on a "frivolous and false complaint" by defendants.

97. Deny the allegations in paragraph "97" of the Complaint.

98. Deny knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph "98" of the Complaint, except deny that defendants had an "ulterior motive" for arresting plaintiffs.

99. Deny knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph "99" of the Complaint, except deny that defendants had an "ulterior motive" for arresting plaintiffs.

100. Deny knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph "100" of the Complaint, except deny that the alleged information "was available to defendants" or that defendants had an "ulterior motive" for arresting plaintiffs.

101. Deny knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph "101" of the Complaint, except deny that the alleged information "was available to defendants" or that defendants had an "ulterior motive" for arresting plaintiffs.

102. Deny knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph "102" of the Complaint, except deny that the alleged information "was available to defendants" or that defendants had an "ulterior motive" for arresting plaintiffs.

103. Deny knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph "103" of the Complaint, except deny that the alleged information "was available to defendants" or that defendants had an "ulterior motive" for arresting plaintiffs.

104. Deny knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph "104" of the Complaint, except deny that the alleged information "was available to defendants" or that defendants had an "ulterior motive" for arresting plaintiffs.

105. Deny the allegations in paragraph "105" of the Complaint, except admit that plaintiffs Salvatore and Michael Mazzio was arrested by officers of the NYPD on or about July 11, 2019, upon probable cause to believe that they violated at least New York Penal Law §§ 155.35-01, 155.30-06, 165.52, and 190.60-01.

106. Deny the allegations in paragraph "106" of the Complaint.

107. Deny the allegations in paragraph "107" of the Complaint.

108. Deny the allegations in paragraph "108" of the Complaint.

109. Deny the allegations in paragraph "109" of the Complaint.

110. Deny the allegations in paragraph "110" of the Complaint.

111. Deny knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph "111" of the Complaint.

112. Deny the allegations in paragraph "112" of the Complaint.

113. Deny the allegations in paragraph "113" of the Complaint.

114. Deny the allegations in paragraph "114" of the Complaint.

115. Deny the allegations in paragraph "115" of the Complaint.

116. Deny the allegations in paragraph "116" of the Complaint, except admit that a search warrant was lawfully obtained on or about July 8, 2019, for the plaintiffs' business premises.

117. Deny the allegations in paragraph "117" of the Complaint, except admit that a search warrant was lawfully obtained on or about July 8, 2019, for the plaintiffs' business premises, and that the search warrant was executed by officers of the NYPD.

118. Deny the allegations in paragraph "118" of the Complaint, except admit that plaintiffs were lawfully arrested on or about July 11, 2019.

119. Deny the allegations in paragraph "119" of the Complaint.

120. Deny the allegations in paragraph "120" of the Complaint.

121. Deny the allegations in paragraph "121" of the Complaint.

122. Deny the allegations in paragraph "122" of the Complaint.

123. Deny the allegations in paragraph "123" of the Complaint.

124. Deny the allegations in paragraph "124" of the Complaint.

125. Deny the allegations in paragraph "125" of the Complaint.

126. In response to the allegations set forth in paragraph "126" of the Complaint, defendants repeat and reallege the responses set forth in the preceding paragraphs of this answer, as if fully set forth herein.

127. Deny the allegations in paragraph "127" of the Complaint.

128. Deny the allegations in paragraph "128" of the Complaint.

129. Deny the allegations in paragraph "129" of the Complaint.

130. In response to the allegations set forth in paragraph "130" of the Complaint, defendants repeat and reallege the responses set forth in the preceding paragraphs of this answer, as if fully set forth herein.

131. Deny the allegations in paragraph "131" of the Complaint.

132. Deny the allegations in paragraph "132" of the Complaint.

133. Deny the allegations in paragraph "133" of the Complaint.

134. Deny the allegations in paragraph "134" of the Complaint.

135. In response to the allegations set forth in paragraph "135" of the Complaint, defendants repeat and reallege the responses set forth in the preceding paragraphs of this answer, as if fully set forth herein.

136. Deny the allegations in paragraph "136" of the Complaint.

137. Deny the allegations in paragraph "137" of the Complaint.

138. In response to the allegations set forth in paragraph "138" of the Complaint, defendants repeat and reallege the responses set forth in the preceding paragraphs of this answer, as if fully set forth herein.

139. Deny the allegations in paragraph "139" of the Complaint.

140. Deny the allegations in paragraph "140" of the Complaint.

**AS AND FOR A FIRST AFFIRMATIVE DEFENSE:**

141. The complaint in whole or in part fails to state a claim upon which relief can be granted.

**AS AND FOR A SECOND AFFIRMATIVE DEFENSE:**

142. Defendants have not violated any rights, privileges or immunities under the Constitution or laws of the United States or the State of New York or any political subdivision thereof.

### AS AND FOR A THIRD AFFIRMATIVE DEFENSE:

143. The defendants Stephen Tesoriero, Jaime Garcia, and Gary Minutolo have not violated any clearly established constitutional or statutory right of which a reasonable person would have known and therefore are protected by qualified immunity.

### AS AND FOR A FOURTH AFFIRMATIVE DEFENSE:

144. At all times relevant to the acts alleged in the complaint, defendant/s/ acted reasonably in the proper and lawful exercise of their discretion.

### AS AND FOR A FIFTH AFFIRMATIVE DEFENSE:

145. Any injury alleged to have been sustained resulted from plaintiffs' own culpable or negligent conduct and was not the proximate result of any act of the defendants.

### AS AND FOR A SIXTH AFFIRMATIVE DEFENSE:

146. This action may be barred in whole or in part by the applicable statute of limitations.

### AS AND FOR A SEVENTH AFFIRMATIVE DEFENSE:

147. Plaintiffs have failed to comply in whole or in part with New York General Municipal Law § 50-e, *et seq*.

### AS AND FOR AN EIGHTH AFFIRMATIVE DEFENSE:

148. The individual defendants are protected by absolute immunity from liability to the extent that they are sued for actions that they undertook at the direction of prosecuting attorneys in aid of the prosecution of a criminal proceeding.

### AS AND FOR A NINTH AFFIRMATIVE DEFENSE:

149. There was probable cause for plaintiffs' arrests.

### AS AND FOR A TENTH AFFIRMATIVE DEFENSE:

150. The alleged actions of the defendants were duly authorized, in whole or in part, by the issuance of a valid warrant by a court of the State of New York and are therefore privileged from liability.

### AS AND FOR AN ELEVENTH AFFIRMATIVE DEFENSE:

151. At all times relevant to the acts alleged in the Complaint, the duties and functions of the municipal defendant's officials, agents and employees entailed the reasonable exercise of proper and lawful discretion. Therefore, the defendants are entitled to immunity from liability under the professional judgment rule and governmental immunity.

### AS AND FOR A TWELFTH AFFIRMATIVE DEFENSE:

152. At all times relevant to the acts alleged in the Complaint, the individual defendants acted reasonably in the proper and lawful exercise of their discretion.

### AS AND FOR A THIRTEENTH AFFIRMATIVE DEFENSE:

153. Defendants had no personal involvement in some or all of the actionable conduct alleged in the Complaint.

### AS AND FOR A FOURTEENTH AFFIRMATIVE DEFENSE:

154. Punitive damages cannot be assessed against defendant City of New York.

### AS AND FOR A FIFTEENTH AFFIRMATIVE DEFENSE:

155. Plaintiffs failed to comply in whole or in part with conditions precedent to suit.

**WHEREFORE,** defendants respectfully request judgment dismissing the Complaint in its entirety, together with the costs and disbursements of this action, and such other and further relief as the Court may deem just and proper.

Dated: New York, New York
July 19, 2021

                                    GEORGIA M. PESTANA
                                    Acting Corporation Counsel of the
                                       City of New York
                                    Attorney for Defendant/s/
                                    100 Church Street, Room 3-174
                                    New York, New York 10007
                                    (212) 356-2344

                          By:    *Alan H. Scheiner* /s/
                                    Alan H. Scheiner
                                    Assistant Corporation Counsel